UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 20, 2013

LETTER TO COUNSEL:

      RE:    *Ingrid Jackson v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-1624

Dear Counsel:

On June 1, 2012, the Plaintiff, Ingrid Jackson, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1).[1] I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Jackson filed her claim for benefits on June 6, 2003, claiming disability beginning on February 17, 1998. (Tr. 62-64). For the purposes of DIB, her date last insured was December 31, 2003, so she needed to establish disability on or before that date. (Tr. 497). Her claim was denied initially and on reconsideration. (Tr. 36-39). Following a hearing, an Administrative Law Judge ("ALJ") denied benefits on May 14, 2007. (Tr. 14-28). Ms. Jackson appealed, and this Court ordered remand on June 17, 2011. (Tr. 538-69). A second hearing before the ALJ took place on November 2, 2011. (Tr. 811-51). Following the hearing, on March 29, 2012, the ALJ found Ms. Jackson disabled as of her fiftieth birthday, but determined that Ms. Jackson had not been disabled prior to her date last insured. (Tr. 497-518). The Appeals Council denied Ms. Jackson's request for review, so the 2012 ALJ decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Jackson suffered from the severe impairments of right carpal tunnel syndrome, lumbar radiculopathy, left knee osteoarthritis, morbid obesity, obstructive sleep apnea, and a major depressive disorder. (Tr. 499). Despite these impairments, the ALJ

---

[1] Ms. Jackson also applied originally for Supplemental Security Income ("SSI"). Because the record indicates that Ms. Jackson's family income exceeds the requisite limits, SSI benefits are not at issue in this appeal. (Tr. 849-50).

determined that Ms. Jackson retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that from a nonexertional standpoint, the claimant could perform simple, unskilled jobs not requiring more than minimal personal interaction.

(Tr. 503). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jackson could perform work existing in significant numbers in the national economy, prior to her date last insured, and that she was therefore not disabled during that time frame. (Tr. 516-17).

On appeal, Ms. Jackson argues that the mental RFC determined by the ALJ was insufficient. I disagree.

Ms. Jackson cites *Ashley v. Astrue,* No. 1:10-cv-1014-PWG, 2012 WL 5568799 (D. Md. 2012) for the proposition that the ALJ's restriction to "simple, unskilled jobs not requiring more than minimal personal interaction" was inadequate. Pl. Mot. 6. Contrary to Ms. Jackson's contention, *Ashley* does not suggest that there is any inherent problem with using RFC descriptions such as "simple, unskilled jobs." Instead, the deficiency in the ALJ's opinion in *Ashley* was the conclusory nature of the stated RFC, and the failure to "include any of the required detailed findings" in the RFC analysis. *Ashley,* 2012 WL 5568799, at *2. That deficiency is not present in the ALJ's opinion in Ms. Jackson's case. Here, the ALJ presented an extensive and detailed review of Ms. Jackson's medical history, mental symptoms, medication record, activities of daily living, and treating physician opinions. (Tr. 503-515). As appropriate, the ALJ's RFC review was conducted in addition to a separate discussion of Ms. Jackson's mental limitations at the earlier steps in the sequential evaluation. (Tr. 500-03). The comprehensive nature of the ALJ's discussion provides ample substantial evidence to support his decision. Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge